IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Betty Jean Hickman, as personal representative of the Estate of Harry Jamie Hickman, <br><br>　　　　　　Cross-Claimant, <br>　v <br>Cynthia Wilkes, <br><br>　　　　　　Cross-Defendant, <br>_____ | Case No: 4:15-cv-00688-BHH <br><br><br>**OPINION AND ORDER** |

This matter is before the Court on the motion of Cross-Claimant Betty Hickman ("Betty") as personal representative of the Estate of Harry Jamie Hickman ("the Estate"), pursuant to Fed. R. Civ. P. 55(b)(2) for a default judgment against Defendant Cynthia Wilkes ("Wilkes"). (ECF No. 26.) For the reasons that follow, the Court grants the motion and finds that the Estate is entitled to a default judgment against Wilkes pursuant to Fed. R. Civ. P. 55(b)(2).

Wilkes was served with the interpleader complaint on February 23, 2015. (ECF No. 8-1.) The Estate filed a cross-claim against Wilkes on March 13, 2015. On April 22, 2015, the Court issued a summons (ECF No. 22), requiring Wilkes to serve on the Estate an answer to its cross-claim (ECF No. 9). Wilkes was served with the cross-claim on April 23, 2015, as evidenced by the affidavit of service of Fred Tracy, a process server for the Estate. (ECF No. 23-1.) Wilkes failed to timely file an answer or otherwise respond to the cross-claim or interpleader. Thus, upon the Estate's request, the Clerk of Court entered default on March 31, 2016. (ECF No. 27.)

Federal Rule of Civil Procedure 55(b) grants the Court the power to enter final default judgment against a party upon application by the plaintiff after the entry of default. Entry of a final default judgment is appropriate when, as here, a properly served party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend. *Monge v. Portofino Ristorante*, 751 F. Supp. 2d 789, 794 (D. Md. 2010) (citing *Park Corp. v. Lexington Ins. Co.*, 812 F.2d 894, 896 (4th Cir. 1987)).

A review of the cross-claim, the motion for default judgment, and other supporting documents, reveals the following facts, which are accepted as true in light of Wilke's default. *See DIRECTV, Inc. v. Rawlins*, 523 F.3d 318, 322 n.1 (4th Cir. 2009) (accepting plaintiff's allegations against defaulting defendant as true, noting a defaulting defendant "admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established") (quoting *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001)).

The Estate's cross-claim seeks to set aside the verbal July 31, 2014 designation of Cynthia Wilkes as the beneficiary of Harry Jamie Hickman's ("Jamie") Rock-Tenn Company 401k Retirement Savings Plan ("Plan"). (ECF No. 9 ¶ 6.) On July 31, 2014, Rock-Tenn Company, through Wells Fargo, received an oral designation, presumably from Jamie, that "Cynthia Wills" should be listed as the beneficiary to the Plan. (*Id.* ¶ 8.) The Estate alleges that only an oral designation was made, and that no written designation of beneficiary exists. (*Id.* ¶ 10.)

Jamie died the following day on August 1, 2014. (*Id.* ¶ 26.) The Estate alleges that Jamie died due to complications from longstanding drug and alcohol abuse. (*Id.*

¶¶ 21, 26.) The Estate also alleges that the designation, if legally enforceable, is invalid because Jamie was incapacitated from his addiction and that Wilkes unduly influenced Jamie to make the oral designation. (*Id.* ¶¶ 21–32.)

Based upon the well pleaded cross-claim, the motion for default judgment, and other supporting documents, the Court finds that the Estate is entitled to the relief requested. The Court hereby finds the alleged oral designation of Wilkes as a beneficiary on July 31, 2014, is ineffective and unenforceable. In the absence of a beneficiary, the 401k Plan proceeds are to be paid into the Estate.

It is, therefore, ORDERED that Wilkes is in default, and default judgment shall be entered finding that the alleged oral designation of beneficiary which occurred on July 31, 2014 is unenforceable.

It is further ORDERED that Rock Tenn Company shall pay all proceeds of the 401k Plan to the Estate of Harry Jamie Hickman.

**IT IS SO ORDERED.**

/s/ Bruce Howe Hendricks
United States District Judge

April 13, 2016
Greenville, South Carolina